

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SHAWN WILLIAMS,** | No. 13-35657 |
| Petitioner - Appellant, | D.C. No. 6:01-cv-00812-AA |
| v. | |
| **STEVE FRANKE, Superintendent of Two Rivers Correctional Facility in Umatilla, Oregon,** | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted October 8, 2014[**]
Portland, Oregon

Before: **KOZINSKI**, **FISHER** and **DAVIS**,[***] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Williams's ineffective assistance of counsel claim is procedurally defaulted. Williams's assertion that trial counsel was ineffective for failing to move for a change of venue was raised for the first time when Williams sought to orally amend his petition on the day of his state habeas hearing, almost two and a half years after the filing of his state petition.[1] The state court's decision to reject that amendment as untimely was based on an independent and adequate state ground. Williams has not shown that the state law at issue—Or. Rev. Stat. § 138.610—is "inadequate," see Lee v. Kemna, 534 U.S. 362, 375 (2002), nor has he shown cause or prejudice for his procedural default, see Coleman v. Thompson, 501 U.S. 722, 750 (1991).[2] Id.

Even if we were to construe Williams's state petition liberally and conclude that he exhausted the trial counsel IAC claim, he would not prevail on the merits. The pretrial publicity in the record is not of such a prejudicial character that it was

---

[1] The state petition included a claim that "appeal counsel failed to raise [the] issue that trial counsel [failed] to move the court for a Change of Venue, due to the amount of pre-trial publicity." Williams also raised certain other trial counsel IAC claims, but none of those claims related to the venue change issue.

[2] Williams argues that the state waived its procedural default argument by not raising it before the district court. But the state specifically moved for a ruling on exhaustion, and the state's brief before the district court clearly raises, albeit in somewhat cursory fashion, a procedural default argument against Williams's claim.

objectively unreasonable for his counsel to have failed to move for a change of venue.  See Skilling v. United States, 561 U.S. 358, 378, 381–84 (2010); Strickland v. Washington, 466 U.S. 668, 687 (1984).

**AFFIRMED**.